CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 02 2018

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOSEPH LOUIS PADUANO, | ) | CASE NO. 7:17CV00540 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | OPINION |
| | ) | |
| HAROLD W. CLARKE, | ) | By: Hon. Michael F. Urbanski |
| Respondent. | ) | Chief United States District Judge |

On September 27, 2018, the court denied Paduano's Writ of Habeas Corpus and declined to issue a certificate of appealability. Paduano v. Clarke, No. 7:17CV00540, 2018 WL 4655758 (W.D. Va. Sept. 27, 2018). Paduano, a Virginia inmate proceeding by counsel, filed a motion to alter or amend the judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is **DENIED**.

I.

A court may amend or alter a judgment under Rule 59(e) "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchison v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Importantly, however, a Rule 59(e) motion for reconsideration may not be used to 'reargue the facts and law originally argued in the parties' briefs.'" Projects Mgmt. Co. v. DynCorp Int'l, L.L.C., 17 F. Supp. 3d 539, 541 (E.D. Va. 2014) (quoting United States v. Smithfield Foods, 969 F. Supp. 975, 977 (E.D. Va. 1997)). This standard is narrowly construed, as a Rule 59(e) motion is "'an extraordinary remedy which should be used sparingly.'" Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1993) (quoting 11 Wright et al., Federal Practice and Procedure § 2810.1, at 124 (2d

ed. 1995)); see Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977) ("Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.").

## II.

In his motion for reconsideration, Paduano raises six court errors:

(1) the court's finding of procedural default as to portions of Claim 6 and Claims 8 and 9 was erroneous;

(2) the court ignored Paduano's allegations and relied on biased evidence in improperly dismissing Claim 1;

(3) the court improperly dismissed Claim 2 by relying on biased, uncorroborated testimony and speculation;

(4) the court improperly dismissed Claim 4 by not concluding that Paduano's psychiatric issues would have resulted in suppression of his statements and in a lesser sentence;

(5) the court improperly dismissed Claims 4, 5, and 6 without considering all of the evidence;

(6) the court erred in dismissing Claim 7 because the date of the sexual assault of T.H. was critical to Paduano's defense.

Id. at 7-20.[1]

---

[1] Petitioner also makes several general allegations:
(1) the court did not presume the truth of factual allegations of the petition and drawing reasonable inferences therefrom;
(2) the court did not properly apply binding precedent in Paduano's case;
(3) the court did not consider the sum totality of the circumstances of the failures of trial counsel and prosecutorial misconduct;
(4) in denying his petition, the court unjustly punished Paduano for not being clairvoyant regarding procedural default; and
(5) the court did not address Paduano's actual innocence argument.

Paduano's motion mostly presents issues that the court already ruled upon, either expressly or by reasonable implication, when the court denied petitioner's habeas application and declined to issue a certificate of appealability. Nevertheless, he fails to show an intervening change in controlling law, new evidence not available at trial, a clear error of law, or manifest injustice. Even though the majority of Paduano's motion does not satisfy the requirements of Rule 59(e), the court will briefly discuss his arguments.

## III.

At the threshold, Paduano asserts that the court erred when it applied an "erroneous standard of facts" by not presuming the truth of Paduano's factual allegations and drawing reasonable inferences therefrom.[2] Paduano states: "All allegations of the complainant are taken as true and all reasonable inferences drawn in the complainant's favor." Chao v. Rivendell Woods, Inc., 415 F.3d 342, 346 (4th Cir. 2005). Paduano is correct that the federal court "must accept as true a habeas petition's well-pleaded allegations (but not its legal conclusions)." Townes v. Jarvis, 577 F.3d 543, 550 (4th Cir. 2009) (internal quotation marks and citation omitted). However, "when a state court has adjudicated a habeas claim on the merits, . . . the petitioner must allege facts sufficient to meet the exacting standard set forth

---

Br. in Supp. of Mot. for Recons. 3, ECF No. 21.

[2] Specifically, Paduano contends that the court did not accept as true the following allegations:
(1) when Paduano was seized at his mother's residence, he immediately requested a lawyer in his mother's presence;
(2) Paduano expressly refused permission for the search of his property;
(3) Paduano was in severe pain while in custody in the patrol vehicle;
(4) Paduano clearly and expressly refused to waive his Miranda rights but police continued to question him while he was in physical pain;
(5) the recording of the part of the interrogation where Paduano refused to waive his rights and/or discussed his extreme pain/discomfort was either not recorded or the recording was corrupted;
(6) Paduano repeatedly requested an attorney but was denied; and
(7) Paduano's trial counsel only spoke to Paduano twice.
The court addressed every listed allegation in the memorandum opinion except for (7), which is discussed in this opinion.

3

in 28 U.S.C. § 2254(d). Id. at 551 (state court's determination must be unreasonable or contrary to federal law). Similarly, § 2254(e) restricts federal second-guessing of a state court's determination of factual issues and a petitioner's ability to raise "new" facts in federal court. 28 U.S.C. § 2254(e) (requiring clear and convincing evidence to rebut the presumption that the state court's determination on a factual issue is correct, and requiring a new rule of constitutional law or a previously undiscoverable factual predicate to allege new facts).

In Error 1, Paduano avers that the court's ruling that portions of Claim 6 and Claims 8 and 9 were procedurally defaulted was contrary to law under Martinez v. Ryan, 566 U.S. 1 (2012). However, as the court explained in its memorandum opinion, the Supreme Court carved out a minor equitable rule that "[a]llow[s] a federal habeas court to hear a claim of ineffective assistance of trial counsel when an attorney's errors (or the absence of an attorney) caused a procedural default in an initial-review collateral proceeding." Martinez, 566 U.S. at 13 (emphasis added). Therefore, Paduano may not establish cause for the procedural default under Martinez because they are not ineffective assistance claims. See id.; Mem. Op. 6-8 (discussing Martinez's application).

Paduano also nakedly asserts in the motion for reconsideration that he has overcome procedural default "[i]f for no other reason, the fundamental miscarriage of justice that has occurred . . . cries out for relief when the case is considered in its totality." Br. in Supp. of Mot. for Recons. 8. Paduano also states:

> Contrary to the Dismissal, Paduano has asserted his actual innocence in his Petition. . . . Paduano's actual innocence is an inference that can reasonably [be] drawn from the facts alleged in the Petition. Paduano is entitled to such inferences at the motion to dismiss stage of this case.

4

Br. in Supp. of Mot. for Recons. 19-20. However, Paduano did not specifically allege a fundamental miscarriage of justice argument in either his petition or response.[3] Paduano is not pro se and the court is not a mind-reader—he is not entitled to a liberal construction of his pleadings and the court will not manufacture arguments, facts, and law for him. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (pro se litigants entitled to liberal construction); Nickerson v. Lee, 971 F.2d 1125, 1135 (4th Cir. 1992) overruled on other grounds by Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999) (habeas petitioner must present evidence; bare allegations of constitutional error are not sufficient grounds for relief). Therefore, the court need not address this argument on reconsideration.

Regardless, Paduano's counsel appears to misunderstand that "miscarriage of justice" has a specific legal meaning in habeas: a compelling showing of actual innocence that enables a federal court to review the merits of otherwise defaulted and/or time-barred claims. Teleguz v. Zook, 806 F.3d 803, 807 (4th Cir. 2015). In general, "habeas corpus petitions that advance a substantial claim of actual innocence are extremely rare." Schlup v. Delo, 513 U.S. 298, 322 (1995). To state such a claim, the petitioner must satisfy a "rigorous" burden by "support[ing] his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. Further, "[h]aving been convicted . . . [petitioner] no longer has the benefit of the presumption of innocence. To the

---

[3] Paduano admits as much in the motion for reconsideration. Br. in Supp. of Mot. for Recons. 19-20 (acknowledging that actual innocence was never "explicitly stated in his Petition").

contrary, [petitioner] comes before the habeas court with a strong—and in the vast majority of the cases conclusive—presumption of guilt." Id. at 326 n.42.

In reviewing an actual innocence claim, the district court may consider: the nature of evidence, House v. Bell, 547 U.S. 518, 537 (2006), the timing of submissions, McQuiggin v. Perkins, 569 U.S. 383, 386 (2013), the credibility of witnesses, House, 547 U.S. at 537, 552, and the probative force of the newly supplemented record. House, 547 U.S. at 538; Sharpe v. Bell, 593 F.3d 372, 381 (4th Cir. 2010). After performing this analysis, the district court must determine whether "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup, 513 U.S. at 328. A district court may have greater difficulty determining the credibility of evidence on a "cold record," but the Fourth Circuit grants the district court the discretion to determine that the evidence is inadequate or unreliable enough to dismiss a petition without an evidentiary hearing. See Teleguz v. Pearson, 689 F.3d 322, 331 (4th Cir. 2012).

In the memorandum opinion, the court discussed Paduano's "new" evidence, which included an allegation that the transcript and recording were incomplete or modified, and sworn statements from Paduano, his mother Loretta, and Carroll Douglas Falls. First, Falls' affidavit is neither exculpatory nor compelling. See Mem. Op. 12-13. Second, Loretta's affidavit directly conflicts with testimony and presents credibility issues. See Mem. Op. 10. Third, Paduano's simple assertion that he is innocent and that he invoked his Miranda rights is not compelling new evidence as contemplated by Schlup. In fact, it is exactly the type of "evidence" that the Supreme Court sought to exclude from the fundamental miscarriage of justice analysis. See Schlup, 513 U.S. at 324 (specifically requiring "exculpatory scientific

6

evidence, trustworthy eyewitness accounts, or critical physical evidence"); Bousley v. United States, 523 U.S. 614, 623 (1998) ("actual innocence means factual innocence, not mere legal insufficiency") (emphasis added and internal quotation marks omitted). Lastly, Loretta's statement and the assertion that the interview transcript and recording were tampered with, without more, are not compelling evidence of actual innocence. Therefore, Paduano is not entitled to relief under Rule 59(e).

In Error 2, Paduano contends that the court erred in dismissing Claim 1 by mischaracterizing Paduano's allegations and overemphasizing the strength of the Commonwealth's case regarding the possession of a firearm charge. The court fully addressed the argument in the memorandum opinion and Paduano fails to demonstrate that he is otherwise entitled to relief under Rule 59(e). See Mem. Op. 10-12.[4]

In Error 3, Paduano asserts that the court erred in dismissing Claim 2 because the court should not have relied on Tiffany's biased and uncorroborated testimony. The court fully addressed the argument in the memorandum opinion and Paduano fails to demonstrate that he is otherwise entitled to relief under Rule 59(e). See Mem. Op. 13-16. Also, the court notes that the motion to reconsider never addresses the court's ruling on Strickland prejudice—he fails to show by clear and convincing evidence that, even if counsel's performance was deficient and the court had suppressed the photos of the firearms, the outcome of the proceeding would have been different.

---

[4] In Errors 2 and 5, Paduano also complains that the court dallied in "uncorroborated" and "unevidenced speculation" by determining that counsel "could have" been acting reasonably. Br. in Supp. of Mot. for Recons. 13, 18; See Mem. Op. 16, 22. The court advises Paduano that such an assessment is inherent in the determinations that a federal habeas court must make. See Sexton v. Beaudreaux, 138 S. Ct. 2555, 2559 (2018) (per curiam) ("A fairminded jurist could conclude that counsel's performance was not deficient because counsel reasonably could have determined that the motion to suppress would have failed."); Moody v. Polk, 408 F.3d 141, 148 (4th Cir. 2005) (determining that "counsel could reasonably have determined that further meetings with [the petitioner] were not helpful in preparing his defense").

In Error 4, Paduano avers that the court erred in dismissing Claim 3 because: (1) his "psychiatric issues were material to the inquiry of whether Paduano's will was overcome by the oppressive interrogation of the police and their failure to allow Paduano to urinate until after he told the police what they wanted to hear"; and (2) "psychiatric disorders were material at Paduano's sentencing but were not even mentioned by Paduano's trial counsel at the sentencing hearing." Br. in Supp. of Mot. for Recons. 15. The court previously ruled on these issues and Paduano has not demonstrated that he is otherwise entitled to relief under Rule 59(e).

In Error 5, Paduano contends that the court failed to consider all of the evidence in dismissing Claims 4, 5, and 6. Paduano presents one argument that the court did not address: that counsel did not properly prepare for the criminal proceedings because he only met Paduano twice before trial. However, Paduano did not assert a claim based upon that fact in his petition—he merely mentioned it in the "Facts" section of his brief. Regardless, "there is no established minimum number of meetings between counsel and client prior to trial necessary to prepare an attorney to provide effective assistance of counsel." Moody, 408 F.3d at 148. The petitioner bears the burden of demonstrating that, but for additional meetings, the outcome of the proceeding would have been different. Paduano fails to make such a demonstration. Furthermore, the court ruled on the other issues and Paduano has not shown that he is otherwise entitled to relief under Rule 59(e).

In Error 6, Paduano asserts that the date of the claimed sexual assault was crucial because Paduano could have established an alibi. The court ruled on this issue and Paduano has not shown that he is otherwise entitled to relief under Rule 59(e).

8

## IV.

Further, a certificate of appealability is required to appeal the denial of a motion to alter or amend a judgment in a habeas case. The court denies the petitioner a certificate of appealability, because jurists of reason would not find the court's resolution of petitioner's motion for reconsideration to be debatable.

Accordingly, the court **DENIES** the motion for reconsideration, ECF No. 20. The court further **DENIES** a certificate of appealability.

ENTER: This 2nd day of November, 2018.

/s/ Michael F. Urbanski
Chief United States District Judge